*715 The opinion of the court was delivered by
Bermudez, O. J.
The accused was prosecuted for an assault with intent to murder, and, in another count, for wilfully, maliciously and feloniously, with a dangerous weapon, inflicting on one Henry Ourtis a wound less than mayhem.
He was found “guilty of wounding less than mayhem."
He moved in arrest, on the ground that the verdict is not responsive to the indictment. The motion was overruled, he was sentenced, and has appealed.
He has filed in this court an assignment of errors to show that the motion in arrest ought to have been sustained.
His only reliance is on the recent ruling of this court in State vs. Watson, 41 An. 599, by which he claims that it has been held that the plea of “guilty of wounding less than mayhem" was a plea of “ guilty of no crime known to the law."
By reference to the opinion, it will be perceived that the ruling was made in a case in which the indictment merely charged that the accused had feloniously inflicted, etc., the words “wilfully and maliciously," found in the statute, having been omitted, and the previous word, not in the statute, feloniously, substituted therefor.
The court held that the offence charged is statutory; that the word used was meaningless and surplusage; that the offence should have been charged in the words of the statute, or in words conveying the clear meaning of the language used in the statute.
It is well settled that when an indictment charges no offence known bo the law, and the accused pleads guilty to the charge, none is confessed.
In the present instance, the indictment charges the offence to have been committed wilfully, maliciously and feloniously.
The verdict returned was “guilty of wounding less than mayhem,” is responsible to the second count, and therefore good. See State vs. Green, 37 An. 382, and cases cited.
Judgment affirmed.